**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30325 |
| Plaintiff-Appellee, | D.C. No.<br>2:14-cr-00115-RMP-1 |
| v. | |
| MARK ALLEN PERSON, | ORDER[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted December 8, 2016[**]
Seattle, Washington

Before:  McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

Mark Allen Person challenges the 37-month sentence imposed following his

guilty-plea conviction on one count of Mailing Threatening Communications in

violation of 18 U.S.C. § 876(c).  Person signed a plea agreement ("Agreement")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

waiving "his right to appeal the conviction and sentence if the Court imposes a prison term of no higher than the applicable [guideline] range[.]" In the Agreement, the parties stipulated to a base offense level of 12 but agreed the district court would "determine the Defendant's applicable sentencing guideline range at the time of sentencing." The Agreement stated that "the Defendant may be a career offender," potentially bringing the applicable guideline range to 37-46 months. The Agreement also informed Person of the government's intent to seek a two level increase under U.S.S.G. § 2A6.1(b)(2) for sending more than two letters. An increase under U.S.S.G. § 2A6.1(b)(2) would bring the applicable guideline range to 30-37 months even if the district court did not find Person a career offender.

We conclude the district court did not err in determining the applicable guideline range. Neither party disputes the Agreement was knowingly and voluntarily entered. Accordingly, we conclude this appeal must be dismissed with prejudice pursuant to Person's waiver of his appeal rights. **The mandate shall issue forthwith.**

**DISMISSED.**